UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-1399-JAK (RAOx) | Date | May 6, 2026 |
|---|---|---|---|
| Title | George Zammar Yakoub v. D. Marin, et al. | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

Proceedings:      (IN CHAMBERS) ORDER RE PRELIMINARY INJUNCTION

## I.      Introduction

On March 23, 2026, George Zammar Yakoub ("Petitioner"), a Syrian citizen and national who was at that time self-represented,[1] filed a Petition for Writ of Habeas Corpus. Dkt. 1 ("Petition"). On the same day, Petitioner filed a Motion for Temporary Restraining Order. Dkt. 2 ("Motion"). On March 31, 2026, a Temporary Restraining Order ("TRO") issued that required Petitioner's release from immigration custody within 14 days. Dkt. 14 ("TRO Order"). On April 20, 2026, Respondents confirmed that Petitioner had been released from immigration detention on April 2, 2026. Dkt. 17 at 2.

Subsequently, on April 20, 2026, Respondents were ordered to show cause as to why a preliminary injunction should not issue. Dkt. 18 ("OSC"). On April 24, 2026, Respondents filed a response to the OSC, in which they contend that the requested preliminary injunction, and the Petition as a whole, is moot because Petitioner has been released pursuant to the TRO Order. Dkt. 19 at 2–3. On April 27, 2026, Petitioner filed a reply in support of the OSC, in which he contends that his request for preliminary injunctive relief is not moot. Dkt. 20 ("Request") at 2–3.

Based on a review of the briefing, it has been determined that this matter can be decided without oral argument and is taken under submission pursuant to Local Rule 7-15.

For the reasons stated in this Order, the Request is **GRANTED IN PART**.

## II.      Background

As noted, Petitioner is a citizen and national of Syria. Dkt. 1 ¶ 31; Dkt. 12-1 ¶ 4. He first entered the United States in 2002 on a B2 nonimmigrant tourist visa. Dkt. 12-1 ¶ 5; *see also* Dkt. 1 ¶ 32. He alleges that he has resided in the United States since then, Dkt. 1 ¶ 31, and that his wife and daughter are both United States citizens. *Id.* ¶ 33.

On June 8, 2011, Immigration and Customs Enforcement ("ICE") charged Petitioner with removability pursuant to 8 U.S.C. § 1227(a)(1)(B). Dkt. 12-1 ¶ 21. Petitioner, however, was granted asylum by an Immigration Judge ("IJ") on August 26, 2011. *Id.* ¶ 22. Subsequently, after Petitioner was convicted of

---

[1] On March 31, 2026, the Federal Public Defender entered an appearance as counsel for Petitioner. Dkt. 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-1399-JAK (RAOx) | Date | May 6, 2026 |
|---|---|---|---|
| Title | George Zammar Yakoub v. D. Marin, et al. | | |

several state criminal offenses, his underlying immigration proceedings were reopened on November 25, 2014. *Id.* ¶¶ 7–18, 24. Petitioner was then ordered removed by an IJ on May 13, 2015. *Id.* ¶ 25. Petitioner was also granted a deferral of removal to Syria under the Convention Against Torture ("CAT"). *Id.*

Following the issuance of his final removal order, Petitioner was detained for approximately five months. Dkt. 1 ¶¶ 34–35; Dkt. 12 at 3 ("[P]er his allegations, Petitioner was previously detained for five months under § 1231(a) for enforcing his final removal order."). Following that initial detention, Petitioner was released from custody on an Order of Supervision ("OSUP") because the government was not able to "procure travel documents for" his "repatriation to Syria . . . ." Dkt. 2 ¶¶ 5–6. Petitioner contends that Syria and the United States do not have diplomatic relations or repatriation agreements. Dkt. 1 ¶ 36–37.

According to Respondents, Petitioner was arrested by the San Bernardino County Sheriff on March 10, 2026, and charged with possessing a stolen vehicle, owning a chop shop, and taking a vehicle without its owner's consent. Dkt. 12-1 ¶ 19. Following this arrest, ICE conducted a "targeted enforcement operation" at the San Bernardino County Jail on March 11, 2026. *Id.* ¶¶ 26–27. There, agents observed a "male matching the physical appearance and description" of Petitioner departing the facility. *Id.* ¶ 27. ICE agents then arrested Petitioner. *Id.* Petitioner states that, "on the date of [his] last arrest ICE officers revoked" his OSUP. Dkt. 1 ¶ 43. Petitioner also states that an ICE agent told him that the agent "believed," but was "not sure" whether a travel document for his removal could be obtained. *Id.*

As noted, Petitioner was released on April 2, 2026 pursuant to the TRO Order. Dkt. 17 at 2. The TRO Order concluded that Respondents violated Petitioner's substantive due process rights by detaining him for the purpose of effecting his removal despite there being no "significant likelihood of removal in the reasonably foreseeable future." Dkt. 14 at 4–8 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

### III.    Analysis

#### A.    Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same).

The Ninth Circuit also applies a "sliding scale" formulation of the preliminary injunction test under which an injunction may be issued where, for example, "the likelihood of success is such that serious questions going to the merits [are] raised and the balance of hardships tips sharply in plaintiff's favor," *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation modified), provided the other elements of the *Winter* test are met. *See also Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1081 (9th Cir. 2015).

A preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Silvas v. G.E.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-1399-JAK (RAOx) | Date | May 6, 2026 |
| Title | George Zammar Yakoub v. D. Marin, et al. | | |

*Money Bank*, 449 F. App'x 641, 644 (9th Cir. 2011) (same). The decision whether to grant or deny a preliminary injunction is a matter within the equitable discretion of a district court. *See Winter*, 555 U.S. at 32.

      B.      Application

The Petition challenged Respondents' failure to comply with the procedural requirements governing the revocation of Petitioner's OSUP pursuant to 8 C.F.R. §§ 241.4 and 241.13. Dkt. 1 at 7–8, 12–13, 16. Petitioner now requests a preliminary injunction barring his re-detention "unless and until he is provided proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP." Dkt. 20 at 6.

The TRO Order concluded that Respondents violated Petitioner's substantive due process rights by detaining him for the purpose of effecting his removal despite there being no "significant likelihood of removal in the reasonably foreseeable future." Dkt. 14 at 4–8 (quoting *Zadvydas*, 533 U.S. at 701). Accordingly, the TRO Order included the following injunctive relief:

> Respondents . . . are ENJOINED from re-detaining Petitioner without complying with the relevant regulations governing the revocation of an OSUP based on changed circumstances. *See* 8 C.F.R. § 241.13.[2]

Dkt. 14 at 9.

The standards for granting a temporary restraining order and a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Accordingly, the analysis in the TRO Order is incorporated here by this reference. Based on that analysis, Petitioner is likely to succeed in demonstrating that his detention is unlawful unless Respondents can show that his removal is reasonably foreseeable under *Zadvydas*. Dkt. 14 at 4–8.

As noted, Respondents contend that the Petition no longer presents a justiciable controversy because Petitioner has been released from custody pursuant to the TRO Order. Dkt. 19 at 2–3. A case is moot, and no longer a "case" or "controversy" under Article III, when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). The TRO Order, which required Petitioner's immediate release, provided only temporary relief. Pursuant to Rule 65(b), the TRO Order could not remain in place for more than 14 days following its issuance. *See* Fed. R. Civ. P 65(b)(2). Because the TRO Order was issued on March 31, 2026, and was subject to an automatic 14-day stay, the temporary relief awarded to Petitioner expired on April 28, 2026. "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur." *Bui v. Noem*, No. 25-CV-3370, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026).

---

2 8 C.F.R. § 241.13, and 8 C.F.R. § 241.4 govern, *inter alia*, determinations of "whether there is a significant likelihood of removing a detained [noncitizen] in the reasonably foreseeable future" such that detention is authorized.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-1399-JAK (RAOx) | Date | May 6, 2026 |
| Title | George Zammar Yakoub v. D. Marin, et al. | | |

*Nielsen v. Preap*, 586 U.S. 392 (2019) (plurality opinion), is instructive. There, a putative class of persons in removal proceedings challenged their mandatory detentions. *Id.* at 396. By the time of class certification, however, the named plaintiffs had obtained cancellation of removal or bond hearings. *Id.* at 403. *Nielsen* held that this did not moot all claims, because "[a]t least one named plaintiff . . . faced the threat of re-arrest and mandatory detention." *Id.* Similarly, although Petitioner has been released, there is still the potential that he could be returned to detention without the required notice and proceedings -- including a finding that, "because of a change of circumstances, that there is a significant likelihood that [he] may be removed in the reasonably foreseeable future," 8 CFR § 241.13(i)(2) -- that are necessary for the revocation of his OSUP. This potential risk is material in that, under the terms of Petitioner's prior OSUP, which were reimposed by operation of the TRO Order, Dkt. 14 at 9, Petitioner is required to appear in person before ICE for regular check-ins. *See* Dkt. 1 ¶¶ 11–12.

Other persons similarly situated to Petitioner have been re-detained following an initial release made pursuant to a TRO. *See, e.g.*, *Lam v. Noem*, No. 25-CV-3344, 2026 WL 332224, at *2 (C.D. Cal. Feb. 5, 2026) (petitioner whose OSUP was revoked without requisite due process was detained, released pursuant to a TRO, and then later re-detained in the same manner). Further, habeas petitions continue to be filed in this District alleging the same violations of substantive due process in violation of *Zadvydas* that led to the issuance of the TRO Order in this matter. *See, e.g.*, *Fataliyeva v. Santacruz,* No. 26-CV-506, 2026 WL 1206010 (C.D. Cal. Apr. 28, 2026); *Andreasian v. Noem*, No. 26-CV-995, 2026 WL 1195996 (C.D. Cal. Apr. 24, 2026); *Guadran v. Mullin*, No. 26-CV-1862, 2026 WL 1182198 (C.D. Cal. Apr. 23, 2026).

For these reasons, Petitioner's request for a preliminary injunction is not moot. Further, the *Winter* factors support the issuance of a preliminary injunction as to certain of the matters in the Request,[3] for the reasons stated in the TRO Order.

     C.     No Bond Is Necessary

Rule 65(c) requires that, prior to granting injunctive relief, a movant pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).

Based on an application of these standards, no bond is required. It has not been shown that Respondents will incur any significant cost due to the relief that has been ordered, and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of

---

[3] Petitioner has requested that his re-detention be enjoined unless he is provided "proper due process under the Constitution and immigration laws and regulations necessary for the revocation of an OSUP." Dkt. 20 at 6. This formulation, which would, in effect, order Respondents to "obey the law," does not contain sufficient specificity to provide Respondents fair notice of what conduct is enjoined. *See U.S. Sec. & Exch. Comm'n v. Murphy*, 50 F.4th 832, 852 n.9 (9th Cir. 2022) (holding that "obey the law" injunctions are permissible, but only if they provide sufficient notice of the enjoined conduct).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-1399-JAK (RAOx) | Date | May 6, 2026 |
| Title | George Zammar Yakoub v. D. Marin, et al. | | |

other members of the public . . . ." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996).

## IV.    Conclusion

For the reasons stated in this Order, the Request is **GRANTED IN PART**, the OSC is **DISCHARGED**, and the following preliminary injunction is issued:

> Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf, in concert or in participation with them, shall not re-detain Petitioner for the purpose of effecting his removal unless and until there is a "significant likelihood of removal in the reasonably foreseeable future," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and the Government has complied with 8 C.F.R. §§ 241.4 and 241.13.

**IT IS SO ORDERED.**

                                                                    :

                          Initials of Preparer        LC3